UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GETTINGS,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRIS LINK, et al.,<br><br>            Defendants. | No.  2:16-cv-0564 MCE AC (PS)<br><br><br>ORDER |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP").  This proceeding was referred to this court by E.D. Cal. R. ("Local Rule") 302(c)(21).

Plaintiff has now submitted the affidavit required by § 1915(a) showing his inability to prepay fees and costs or give security for them.  ECF No. 2.  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Granting IFP status does not end the court's inquiry, however.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); Kontrick v. Ryan, 540 U.S. 443, 455 (2004) (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884), for the proposition that a "challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question sua sponte"); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir. 1988) ("the

1

subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

## II. THE COMPLAINT

According to the complaint, plaintiff is an American citizen who currently resides in the Philippine Islands. Complaint (ECF No. 1) at 1. Defendants are two California residents who entered into a contract with the Jimmy Gettings Revocable Living Trust, of which plaintiff was the trustee. Id. Invoking diversity jurisdiction, 28 U.S.C. § 1332, plaintiff sues defendants for breach of contract, fraud, slander, libel and intentional infliction of emotional distress.[1] Id.

## III. FEDERAL JURISDICTION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). Here, the only statute granting this court the authority to consider plaintiff's exclusively state-law claims, and the only authority cited by the complaint, is the statutory grant of "diversity" jurisdiction for suits between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Diversity jurisdiction exists "when a citizen of one State sues . . . citizens of a State (or States) different from the plaintiff's." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). In order for plaintiff to invoke diversity jurisdiction under Section 1332(a)(1), he must, at a minimum, (1) be a citizen of the United States, and (2) be domiciled in a State of the United States.[2] Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983) (plaintiff cannot invoke diversity jurisdiction where he fails to satisfy *both* prongs); see 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3611 (3d ed.) ("diversity jurisdiction

---

[1] The complaint also states that the suit is brought "pursuant to Title 42 U.S. Code § 1983 for" [*sic*]. Id. However, the complaint contains no allegations relating to any Section 1983 claim, and so that statement is disregarded. If the complaint were read to be asserting a Section 1983 claim, it would be dismissed for failure to state a claim, as there is no conduct alleged to have been taken under color of law, and no federal rights are alleged to have been violated. See 42 U.S.C. § 1983.

[2] In addition, no defendant can be a citizen of that State, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a), (a)(1).

1 | exists if the action is between citizens of different states of the United States").

2 | Here, plaintiff alleges the first prong – United States citizenship – but fails to allege the second prong, namely, that he is domiciled in a State. To the contrary, the allegations of the complaint show that he is not a citizen of any State, for diversity purposes:

> In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State. The problem in this case is that Bettison, although a United States citizen, has no domicile in any State [because he is "domiciled in Caracas, Venezuela"]. He is therefore "stateless" . . . .

Newman-Green, 490 U.S. at 828 (interpreting identical language in 28 U.S.C. § 1332(a)(3)); Brady v. Brown, 51 F.3d 810, 815 (9th Cir. 1995) ("[b]ecause Brown was domiciled in Mexico, he was thus neither a 'citizen of a state' nor an alien under 28 U.S.C. § 1332(a)(3)").

Two principles guide the court's consideration here. "First, the party asserting diversity jurisdiction bears the burden of proof. Resnik v. La Paz Guest Ranch, 289 F.2d 814, 819 (9th Cir. 1961). Second, a person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986) (some internal quotation marks omitted).

Plaintiff has not expressly alleged "domicile" in any State. Moreover, the allegations he does make all tend toward a finding that The Philippines, and not any State of the United States, is his "domicile." The complaint alleges that plaintiff "retired and moved to the Philippine Islands in April 2009," that he "currently resides in the Philippine Islands," and that he "has resided for nearly seven years at PO Box 88, Dumaguete City, Negros Oriental, Philippines, 6200." Complaint at 1. The court may consider a variety of factors to determine domicile, including "current residence." Lew, 797 F.2d at 750. Indeed, "[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary." Anderson v. Watts, 138 U.S. 694, 706 (1891); Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013) ("numerous courts treat a person's residence as prima facie evidence of the person's domicile") (citing Anderson); see also Bey v. SolarWorld Indus. Am., Inc., 904 F. Supp. 2d 1103, 1105 (D.

3

Or. 2012) ("[a] person's residence is prima facie evidence of his or her place of domicile for purposes of diversity jurisdiction").

While the allegations of this complaint may not conclusively show that plaintiff has no domicile in any State, neither do they show that plaintiff has a domicile in any State. Plaintiff has thus failed to meet his burden of establishing federal jurisdiction. Accordingly, the complaint will be dismissed without prejudice so that "plaintiff may reassert his claims in a competent court," Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988), cert. denied, 490 U.S. 1098 (1989), but also with leave to amend, in the event plaintiff can truthfully allege domicile so as to cure the jurisdictional defect. Burns v. United States, 764 F.2d 722, 725 (9th Cir. 1985) (leave to amend should be granted "when the prospective amendment would serve to cure a jurisdictional defect").

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED;
2. The complaint is DISMISSED without prejudice, for lack of federal jurisdiction; and
3. Plaintiff is granted 30 days from the date of this order to amend the complaint.

DATED: March 29, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE