1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JIMMY GETTINGS,                                No.  2:16-cv-0564 MCE AC (PS)

12                  Plaintiff,

13          v.                                       FINDINGS & RECOMMENDATIONS

14   CHRIS LINK, et al.,

15                  Defendants.

16

17          Plaintiff is proceeding in this action pro se and in forma pauperis.  This proceeding was

18   referred to this court by E.D. Cal. R. ("Local Rule") 302(c)(21).

19          On March 30, 2016, the court dismissed the complaint because the facts alleged failed to

20   establish federal jurisdiction.  ECF No. 4.  Plaintiff was granted leave to amend the complaint.

21                               I.  AMENDED COMPLAINT

22          Plaintiff has now filed a document entitled "[Amendment] to Complaint."  ECF No. 5.

23   This latest filing only addresses the jurisdictional issue, however, and does not contain any causes

24   of action, and indeed, cannot be considered to be a proper amended complaint.  Local Rule 220

25   requires that an amended complaint be complete in itself without reference to any prior pleading.

26   This is because, as a general rule, an amended complaint supersedes the original complaint.  See

27   Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the

28

                                              1

1  original pleading no longer serves any function in the case.  Therefore, in an amended complaint,

2  as in an original complaint, each claim and the involvement of each defendant must be

3  sufficiently alleged.

4        However, even if plaintiff had incorporated the facts from his latest filing into a proper

5  amended complaint, this action would still be subject to dismissal for lack of federal jurisdiction.

6  That is because, as discussed below, the new facts alleged in plaintiff's latest filing again fail to

7  establish that plaintiff is a citizen of any State.

8                II.  ANALYSIS

9        The original complaint was dismissed because the only jurisdictional basis for the

10  complaint was diversity jurisdiction, and plaintiff failed to allege facts showing that he was

11  presently a citizen of any State.  Plaintiff's address of record is in the Philippines, and his original

12  complaint specified that he has resided in the Philippines since April 2009.  ECF No. 1

13  (Complaint) at 1; see also ECF No. 1-1 (Civil Cover Sheet) (listing the Philippines as plaintiff's

14  place of residence).

15        Diversity jurisdiction exists "when a citizen of one State sues . . . citizens of a State (or

16  States) different from the plaintiff's."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826,

17  828 (1989).  In order for plaintiff to invoke diversity jurisdiction under Section 1332(a)(1), he

18  must, at a minimum, (1) be a citizen of the United States, and (2) be domiciled in a State of the

19  United States.[1]  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983) (plaintiff

20  cannot invoke diversity jurisdiction where he fails to satisfy both prongs); see 13E Charles Alan

21  Wright & Arthur R. Miller, Federal Practice & Procedure § 3611 (3d ed.) ("diversity jurisdiction

22  exists if the action is between citizens of different states of the United States").

23        Plaintiff's most recent filing again fails to allege that he is domiciled in any State of the

24  United States.  To the contrary, the allegations of the latest filing again show that he is not a

25  citizen of any State, for diversity purposes:

26

27

28
  [1]  In addition, no defendant can be a citizen of that State, and the amount in controversy must
exceed $75,000.  28 U.S.C. § 1332(a), (a)(1).

> In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State. The problem in this case is that Bettison, although a United States citizen, has no domicile in any State [because he is "domiciled in Caracas, Venezuela"]. He is therefore "stateless" . . .

Newman-Green, 490 U.S. at 828 (interpreting identical language in 28 U.S.C. § 1332(a)(3));

Brady v. Brown, 51 F.3d 810, 815 (9th Cir. 1995) ("[b]ecause Brown was domiciled in Mexico, he was thus neither a 'citizen of a state' nor an alien under 28 U.S.C. § 1332(a)(3)").

Two principles guide the court's consideration here. "First, the party asserting diversity jurisdiction bears the burden of proof. Resnik v. La Paz Guest Ranch, 289 F.2d 814, 819 (9th Cir. 1961). Second, a person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986) (some internal quotation marks omitted).

Plaintiff's latest filing again fails to allege "domicile" in any State of the United States. Plaintiff instead alleges that he came to the United States for medical procedures. ECF No. 5. He indicates that he "lived in Nevada for four months . . . for surgery," and that he will reside in the United States (Nevada) "for a period of a minimum of four months," also for surgery. Id. Plaintiff explains that "Medicare will treat senior citizen in any state in the USA, but not on foreign soil." Id. None of these allegations indicates that plaintiff is residing in Nevada or any other State permanently or indefinitely, as required to establish domicile. See Lew, 797 F.3d at 749-50 (permanent or indefinite habitation or abode is required for "domicile"). To the contrary, the allegations tend to establish that plaintiff's residence in Nevada is only temporary, until he obtains medical treatment there.

While the allegations of plaintiff's latest filing may not conclusively show that plaintiff has no domicile in any State, neither do they show that plaintiff has a domicile in any State. Plaintiff has thus failed again to meet his burden of establishing federal jurisdiction. Accordingly, the complaint should be dismissed for lack of federal jurisdiction, without prejudice, so that "plaintiff may reassert his claims in a competent court," Frigard v. United States, 862 F.2d

201, 204 (9th Cir. 1988), <u>cert. denied</u>, 490 U.S. 1098 (1989).  Plaintiff having twice failed to allege facts establishing federal jurisdiction, it would appear to be futile to again grant him leave to amend his complaint.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that this action should be DISMISSED without prejudice, for lack of federal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE